## C. M. HOWLETT *vs.* JOSEPH BELL *et al.*

Submitted on briefs Dec. 19, 1892.   Decided Jan. 13, 1893.

**Pleading—A Denial of Unqualified Indorsement Admits Proof of Alteration.**

In an action on an indorsement of a promissory note, where the answer denies an unqualified indorsement as alleged in the complaint, and alleges that it was without recourse, the defendant may prove that an attempted alteration by drawing pen and ink through the words "without recourse" was made after the indorsement was made.

Appeal by plaintiff, C. M. Howlett, from an order of the Municipal Court of the City of St. Paul, *Cory,* J., made June 30, 1892, denying his motion for a new trial.

On November 22, 1884, G. H. Block and wife made their promissory note at Larimore, Dakota, whereby they promised to pay to the order of Bell Bros., on December 1, 1889, $400, with interest annually, at the rate of twelve per cent. a year.   On December 22, 1884, Bell Bros. indorsed this note without recourse, and sold it to Warner & Stoltze, who transferred it to plaintiff.   On September 25, 1891, this action was commenced against the members of the firm of Bell Bros. to recover $232.83 balance unpaid on the note.   The complaint alleged that they indorsed the note; that it was presented for payment when due and payment demanded, which was refused; that

the note was thereupon protested for nonpayment, and notice given them.    They answered that their indorsement was without recourse. When the note was produced at the trial, it appeared that the words "without recourse" in the indorsement had been stricken out by drawing lines through them.    The defendants Joseph Bell and John W. Bell were witnesses and testified that the words "without recourse" were in the indorsement when the firm name was written on the back of the note; that they were not erased.    Plaintiff objected to this evidence of the Bells on the ground that the answer did not allege any erasure or alteration in the indorsement, and the evidence was therefore irrelevant to any issue in the pleadings.    The trial court overruled the objection and plaintiff excepted.    Findings were made and judgment ordered for defendants.    Plaintiff moved for a new trial, and being denied, he appeals.    In this court he assigns as error this ruling, admitting the testimony of the defendants.

*McLaughlin & Morrison*, for appellant.

*S. P. Crosby*, for respondents.


GILFILLAN, C. J.    Action on indorsements upon promissory notes. The complaint sets out the notes, but not the indorsements, and as to them alleges generally that the defendants indorsed the notes. The answer denies that the defendants indorsed the notes, except that they indorsed them "without recourse."    When the notes and indorsements were introduced on the trial it appeared that the words "without recourse" were in the latter, but that lines with pen and ink had been drawn through those words.    The defendants were permitted against the plaintiff's objection to prove that when the indorsements were executed the words "without recourse" were in them, but that the lines through the words were not there.    When the lines were so drawn does not appear, except that it was not at or before making the indorsements.

The only point of appellant is that evidence that the lines were not there when the indorsements were made was inadmissible without an allegation in the answer that the alterations or attempted alterations were made after the indorsements.    Of this it is enough to say that by denying such indorsements as the complaint alleges,

and alleging just what indorsements defendants did make, an issue was formed as to the character of the indorsements when executed by them. They were not bound to know or anticipate that an alteration had been made, and to plead when it was made. Having pleaded what indorsements they made, they might, when plaintiff offered evidence of different indorsements, meet that by showing that when made they were as alleged in the answer.

Order affirmed.

(Opinion published 53 N. W. Rep. 1154.)